FILED
2008 Jul-28 AM 10:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | |
|---|---|
| TOMMY HARRIS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| | ) CIVIL ACTION NO.: |
| V. | ) CV- |
| | ) |
| CITY OF ALICEVILLE, and | ) JURY DEMAND |
| LEROY HOLLADAY AND | ) |
| MARY BESS PALUZZI IN | ) |
| THEIR INDIVIDUAL | ) |
| CAPACITIES, | ) |
| | ) |
| DEFENDANT. | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful race discrimination, race harassment and retaliation suffered by Plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. 1981a (hereinafter "Title VII"); 42 U.S.C. § 1981 (hereinafter "§ 1981"); and the Fourteenth Amendment to the Constitution of the United States. Plaintiff asserts his claims for relief for Defendants'

violations of § 1981 and the Fourteenth Amendment through 42 U.S.C. § 1983 (hereinafter "§ 1983"). Plaintiff requests a trial by jury of all issues triable by a jury.

## II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.

3. The unlawful employment practices alleged hereinbelow were committed by Defendants within Pickens County, the State of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), 28 U.S.C. § 2201, 28 U.S.C. § 2202 and 42 U.S.C. § 2000e-5.

5. Plaintiff has met all conditions precedent for filing this case under Title VII.

## III. PARTIES

6. Plaintiff, Tommy Harris, is an African-American male, a citizen of the United States, and a resident of the State of Alabama. Plaintiff worked for Defendants from around 2003 until July 2007.

7. Defendant, City of Aliceville, hereinafter "City," is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended by 42 U.S.C. Section 1981a. At all times pertinent to the matters alleged herein, Defendant, City, has

employed fifteen (15) or more employees.

8. Individual Defendant Leroy Holladay, Public Works Superintendent, is being sued in his individual capacity and is subject to suit for the Section 1981 and Fourteenth Amendment constitutional violations referenced in this complaint.

9. Individual Defendant Mary Bess Paluzzi, City Manager/Clerk, is being sued in her individual capacity and is subject to suit for the Section 1981 and Fourteenth Amendment constitutional violations referenced in this complaint.

## IV. FACTS

10. Defendant hired Plaintiff around the summer of 2003, and Plaintiff performed general labor work, drove a garbage truck and operated a tractor.

11. Plaintiff performed his job well during his employment with Defendant City.

12. Plaintiff's direct supervisor, Public Works Superintendent, Leroy Holladay, a white male, subjected Plaintiff to a racially hostile work environment through his language and other bad treatment of Plaintiff. Holladay referred to Plaintiff and other African American employees as "niggers" – Holladay called Plaintiff a "nigger" and a "damn nigger" and made racially derogatory statements referring to Plaintiff and his co-workers with statements like: "We got these 'niggers' straight, just like we want them."

13. Around late June 2007, Plaintiff complained to Holladay's supervisor, Mary

3

Bess Paluzzi, City Manager/Clerk, that Mr. Holladay was discriminating against him because of his race, and Plaintiff specifically told Paluzzi that Holladay had called him a "nigger".

14. Paluzzi refused to take actions to stop the harassment, and she told Plaintiff that Holladay can do what he wants because he is the boss.

15. On July 30, 2007, Holladay falsely accused Plaintiff of cutting the grass on private property. Holladay called Plaintiff a "nigger" and subsequently terminated him.

16. After Plaintiff's discharge, Defendant hired two white men and they performed the work Plaintiff had previously performed.

## V.   CAUSES OF ACTION

### A.   COUNT I — RACIALLY HOSTILE WORK ENVIRONMENT

17. Plaintiff re-alleges and incorporates by reference paragraphs 1-16 above with the same force and effect as if fully set out in specific detail herein below.

18. During the course of his employment, Defendants subjected Plaintiff to a racially hostile work environment.

19. Defendants City and Paluzzi were aware of this hostile and abusive environment and refused to take appropriate remedial action.

20. Defendants City and Paluzzi ratified and/or condoned such hostile and abusive behavior by failing to take appropriate remedial action.

21.  Defendant City is vicariously liable for the conduct of the employees and supervisors that harassed Plaintiff.

22.  Defendants took a tangible employment action against Plaintiff by disciplining him, and terminating him.

23.  Said racial harassment was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

24.  Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is his only means of securing adequate relief.

25.  Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

### B.  COUNT II — RETALIATION

26.  Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above with the same force and effect as if fully set out in specific detail herein below.

27.  Plaintiff complained to supervisors and management that he was being racially harassed

28.  In response to Plaintiff's opposition to discrimination, Defendants retaliated against Plaintiff by disciplining him and terminating him.

29.  Said retaliation was done maliciously, willfully, and with reckless disregard for

the rights of Plaintiff.

30. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

31. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

### C.  COUNT III – RACE DISCRIMINATION

32. Plaintiff re-alleges and incorporates by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail herein below.

33. During his employment, Defendants discriminated against Plaintiff because of his race by disciplining and discharging him.

34. Defendants' articulated reasons for these adverse employment actions are not legitimate.

35. Said race discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

36. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

37. Plaintiff is now suffering, and will continue to suffer irreparable injury from

Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. DAMAGES

38. Plaintiff has suffered embarrassment, humiliation, shame, damage to his reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

2. Grant Plaintiff a declaratory judgment holding that the actions of Defendants described herein above violated and continues to violate the rights of Plaintiff as secured by Title VII, §1981, and the Fourteenth Amendment.

3. Grant Plaintiff a permanent injunction enjoining Defendant City, its agents, successors, employees, attorneys and those acting in concert with Defendants and on Defendants' behalf from continuing to violate Title VII, §1981, and the Fourteenth Amendment.

4. Issue an injunction ordering Defendants not to engage in race discrimination and to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct.

5. Grant Plaintiff an order requiring the defendants to make Plaintiff whole by

awarding him the positions he would have occupied in the absence of race discrimination and retaliation or instead of reinstatement award him front pay.

6. Grant Plaintiff an order requiring Defendants to make Plaintiff whole by requiring Defendants to pay to Plaintiff backpay (plus interest); compensatory damages; punitive damages; (only against the individual Defendants); nominal damages; and any lost seniority, benefits, and pension.

7. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

_____
Jon C. Goldfarb (ASB-5401-f58j)
Daniel E. Arciniegas (ASB-7809-D67A)
Counsel for Plaintiff

**OF COUNSEL:**

Wiggins, Childs, Quinn & Pantazis, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANTS' ADDRESSES:**

City of Aliceville
419 Memorial Parkway East
Aliceville, AL 35442-2700

Leroy Holladay
419 Memorial Parkway East
Aliceville, AL 35442-2700

Mary Bess Paluzzi
City Manager/Clerk
419 Memorial Parkway East
Aliceville, Alabama 35442